UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DIANA CAROLINA LORA-OSORIO,

        Petitioner,

v.                                                         Case No. 3:26-cv-1020-MMH-PDB

FACILITY ADMINISTRATOR,
Flagler County Jail, et al.,

        Respondents.

_____

## **ORDER**

Petitioner Diana Carolina Lora-Osorio, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1; Petition). Lora-Osorio is a citizen of Colombia who entered the United States on March 5, 2024, and presented herself to immigration officials. Id. at 1. She was detained, and the U.S. Department of Homeland Security (DHS) issued to her a notice of expedited removal. Doc. 9-2. Lora-Osorio asserted a fear of persecution or torture, which the immigration officials found to be credible. Petition at 1; Doc. 9-1 at 2. Therefore, on March 14, 2024, DHS issued Lora-Osorio a new notice to appear, placing her in full removal proceedings under section 240 of the Immigration and Nationality Act (INA) and directing that she appear before an immigration judge to show cause

why she should not be removed from the United States on August 3, 2028. Doc. 1-1 at 6. She "was placed on the alternative to detention program . . . and released pending immigration proceedings." Doc. 9-1 at 2. She filed an asylum application with the immigration judge, which remains pending. Petition at 4; see Doc. 1-1 at 12. On February 1, 2026, United States Immigration and Customs Enforcement (ICE) detained Lora-Osorio following her arrest by local law enforcement for a domestic battery charge. Petition at 5. The crux of Lora-Osorio's Petition is that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Petition at 7-8. As relief, she seeks, among other things, immediate release, or alternatively, a bond hearing. Id. at 9.

The Federal Respondents filed a Response (Doc. 9; Response) arguing that the Court lacks jurisdiction over the Petition. Id. at 3-5. They further assert that they are detaining Lora-Osorio under 8 U.S.C. § 1225(b)(1)(B)(ii), which "mandates that Lora-Osorio be detained while her asylum petition is pending." Id. at 6. They classify her as an "arriving alien," id. at 8, and explain the process of expedited removal as follows:

> An arriving alien is served with an expedited removal order under § 1225(b)(1)(A)(i). If a credible fear of persecution or torture is raised, the arriving alien[] is referred for a credible fear interview. 8 U.S.C. §§ 1225(b)(1)(A)(ii), 1225(b)(1)(B). The results of the interview determine the next steps under the statute: either expedited removal or detention during consideration of the asylum application. If the officer determines that the alien does not have a credible fear, "the officer shall order the alien removed from the United States without further hearing or review." 8 U.S.C.

2

§ 1225(b)(1)(B)(iii). But if the off[ic]er determines that the alien does have a credible fear of persecution or torture, "the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii).

Response at 6-7.

As noted above, when Lora-Osorio first entered the United States, DHS served her with a "Notice and Order of Expedited Removal," but the "Order of Removal" portion of the document is blank; the expedited removal order was never entered. Doc. 9-2 at 1. Instead, eight days later, DHS issued Lora-Osorio a new notice to appear (Form I-862) which specifically acknowledges the following:

- Lora-Osorio is in removal proceedings under section 240 of the INA (8 U.S.C. § 1229a);

- She is an alien present in the United States who has not been admitted or paroled (as opposed to an arriving alien);

- She is charged with being "present in the United States without being admitted or paroled" or as someone "who entered into the United States at any time or place other than as designated by the Secretary of [DHS]" (as opposed to being charged as inadmissible like she was initially charged in the expedited removal proceeding);

- An asylum officer found that she demonstrated a credible fear of persecution or torture; and

- Her next hearing date is August 3, 2028.

Doc. 1-1 at 6. The form advising Lora-Osorio of the additional charges issued on February 23, 2026, likewise confirms that Lora-Osorio is in removal

3

proceedings under section 240 of the INA, and charges her with being inadmissible (the same charge that was listed in the original "Notice and Order of Expedited Removal"). Doc. 9-3 at 1 (citing 8 U.S.C. § 1182(a)(7)(A)(i)(I)).

The Court is satisfied it has jurisdiction over Lora-Osorio's claims. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026); Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026). As to the merits, the Court finds that Lora-Osorio is not properly detained under § 1225(b)(1)(B)(ii) as the Federal Respondents contend. While § 1225(b)(1)(B)(ii) requires mandatory detention following a positive credible fear finding,[1] ICE chose not to enforce that provision and instead, released Lora-Osorio on her own recognizance.

The United States Court of Appeals for the Eleventh Circuit recently concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Lora-Osorio, who was initially detained for expedited removal proceedings but released on her own

---

[1] "If the officer determines at the time of the interview that an alien has a credible fear of persecution[,] . . . . the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii).

recognizance after a positive credible fear finding, its reasoning applies to this case. Lora-Osorio was not seeking entry at the border when she was re-detained and ICE's own forms classify her as an alien present in the United States—not as an "arriving alien." See id. at *15 ("In view of this text, § 1225 seems to us to have been designed by Congress to govern arriving aliens." (emphasis added)); see also id. at *21 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the INA). ICE's actions took Lora-Osorio out of the § 1225 context. Thus, her detention is properly governed by § 1226.

Because the Court finds that Lora-Osorio is not properly detained under § 1225(b)(1) as the Federal Respondents contend, and the Federal Respondents fail to address any alternative, the Court finds that release is the appropriate remedy. See Fonseca, 2026 WL 1072778, *5 (finding immediate release to be the appropriate remedy based on the government's failure to argue in the alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held[2]).

---

[2] In the Fonseca case, the federal respondents represented that they would attempt to "facilitate" a bond hearing if the Court ordered one. Fonseca, 2026 WL 1072778, at *5. Here, the Federal Respondents did not include that statement in their Response. But the Court still finds that release is appropriate here. The Federal Respondents certify that they are holding Lora-Osorio under § 1225(b)(1), see Response at 3, 8, and the Court finds that § 1225(b)(1) does not apply. Thus, without any lawful basis for this detention, Lora-Osorio is entitled to immediate release.

Accordingly, it is

**ORDERED**:

1.      The Order to Show Cause (Doc. 8) is **DISCHARGED**. <u>See</u> Response (Doc. 10).

2.      Lora-Osorio's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) is **GRANTED**.[3] Respondents shall release Lora-Osorio **within 24 hours of this Order**, and they shall facilitate her transportation from the detention facility by notifying her counsel when and where she can be collected.

3.      The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of May, 2026.

MARCIA MORALES HOWARD
United States District Judge

JAX-3 5/26
c:
Counsel of Record

---

[3] The Court need not address Lora-Osorio's remaining contentions. <u>See</u> <u>Banks v. Dretke</u>, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

6